**IN THE UNITED STATES BANKRUPTCY**
**DISTRICT OF MARYLAND**
**(Greenbelt Division)**

In Re: Colin Ivan Mapp                                           Case No. 11-11211
      Lorraine Patricia Mapp                                 Chapter 11

      Debtors
_____

## THIRD AMENDED PLAN OF REORGANIZATION

The Debtors, Colin Ivan Mapp and Lorraine Patricia Mapp, by and through their undersigned attorney, L. Jeanette Rice of Walsh, Becker, Moody & Rice, file this Plan of Reorganization (the "Plan"), pursuant to the provisions of Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*. and, upon entry of an Order of Confirmation, agree to be bound hereby:

### ARTICLE I
### DEFINITIONS

For purposes of this Plan, unless the context otherwise requires, the following terms (or those found elsewhere defined in this Plan) shall have the respective meanings hereinafter set forth:

1.1. "Administrative Expense Claim" shall mean, collectively, (a) any cost or expense of administration of the Chapter 11 Case allowable under section 503(b) of the Bankruptcy Code, including, without limitation, the fees and expenses of professionals employed by the Debtor pursuant to Article II of this Plan (including without limitation costs and expenses arising from and after the Confirmation Date through the Effective Date), and (b) any fees or charges assessed against the Debtor's Estate under Section 1930, Title 28, United States Code.

1.2. "Allowed Amount" or "Allowed Claim" shall mean (a) the amount of a Claim for which a proof of Claim has been filed, or amended if necessary, with the Bankruptcy Court by the Bar Date, to which no objection has been interposed, and which is not a Disputed Claim under the Plan, (b) if no proof of Claim is timely filed, the amount of any Claim listed in the Schedules, including any timely amendments thereto, which is not listed as disputed, contingent or liquidated as to amount, unless such a Disputed Claim under the Plan, and (c) if an objection to the allowance of any Claim has been filed, or if such Claim was designated a Disputed Claim under the Plan, the amount of such Claim allowed by Final Order of the Bankruptcy Court or by agreement of the Debtors

1.3. "Allowed Secured Claim" shall mean that portion of an Allowed Claim which is secured by a properly perfected, non-avoidable lien or security interest in property of the estate to the extent of the value of that property relative to the priority of the lien or security interest asserted relative to any other Allowed Secured Claim in the same property or estate.

1.4. "Bankruptcy Code" shall mean Title 11 of the United States Code.

1.5. "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Maryland.

1.6. "Bankruptcy Rules" shall mean the Federal Rules of Bankruptcy Procedure Currently in effect, as amended.

1.7. "Bar Date" shall mean the deadline established by the Bankruptcy Court as the date by which Claims which must be filed shall be filed.

1.8. "Chapter 11 Case" shall mean the Chapter 11 case of Colin Ivan Mapp and Lorraine Patricia Mapp, Case No.: 11-11211.

1.9. "Claim" shall have the meaning set forth in Section 101 of the Bankruptcy Code.

1.10. "Class" shall mean any class of creditors or interest holders as established by the Plan.

1.11. "Confirmation Date" shall mean when the Confirmation Order becomes a Final Order.

1.12. "Confirmation Order" shall mean the order of the Bankruptcy Court confirming this Plan.

1.13. "Creditor" shall have the meaning set forth in Section 101 of the Bankruptcy Code.

1.14. "Debtors" means, Colin and Lorraine Mapp.

1.15. "Deficiency Claim" shall mean a Claim arising from any Outstanding Debt owed by the Debtors, which exceeds any Allowed Secured Claim of any consensually secured creditor.

1.16. "Disputed Claim" shall mean any Claim for which an Allowed Amount has not yet been determined or a Claim as to which an Allowed Amount is not disputed, but rather the allowed status is disputed, such as the difference between a secured claim versus an unsecured claim.

1.17. "Disallowed Claim" shall mean a Claim that has been objected to and which has not been ruled upon to be an Allowed Claim thereafter, or a Claim that is otherwise declared not an Allowed Claim by the Bankruptcy Court based upon a contested matter or adversary proceeding.

1.18. "Effective Date" shall mean 30 days following the Confirmation Date, or the next business day thereafter if such date would be a holiday or weekend.

1.19. "Equity Interest Holder" shall mean the individual Debtors.

1.20. "Estate" shall mean the Chapter 11 bankruptcy estate of the Debtors.

1.21. "Face Amount" shall mean, with respect to a particular Claim:

(a) if the holder of such Claim has not filed a proof of Claim with the Bankruptcy Court by the Bar Date, the amount if any, for which such Claim is listed in the Schedules as fixed, undisputed, non-contingent and liquidated; or

(b) if the holder of such Claim has filed a proof of claim with the Bankruptcy Court by the Bar Date, the amount stated in such proof of Claim, unless such Claim is a Disputed Claim; or

(c) with respect to an Administrative Expense Claim in the form of an application for allowance of compensation or reimbursement of expenses of Professional Persons filed and pending in the Bankruptcy Court, the net amount to which such professional would be entitled if its application were to be granted in full.

1.22. "Final Order" shall mean an order of a court from which the time for appeal and reconsideration under Bankruptcy Rules 8002 and 9023 has expired without the commencement of an appeal or request for reconsideration, or an order of a court as to which an appeal or reconsideration has been taken, and where such order has been affirmed by appeal, or, in the case of reconsideration, such request for reconsideration has been denied, and no appeal from such denial of the request for reconsideration has been taken.

1.23. "Impaired" shall refer to any Class of Claims or Interests treated under the Plan in such a manner as described pursuant to § 1124 of the Bankruptcy Code.

1.24. "Interest" shall mean the ownership interest(s) held by an Equity Interest Holder.

1.25. "Outstanding Debt" shall mean the Allowed Amount owed by the Debtors to any secured creditor.

1.26. "Petition Date" shall mean January 21, 2011, the date the Debtors voluntarily commenced their Chapter 11 Case pursuant to the provisions of the Bankruptcy Code.

1.27. "Plan" shall mean this Plan of Reorganization, and any and all modifications or corrections hereof or amendments or supplements hereto.

1.28. "Priority Status" shall mean the priority in distribution, which is afforded to Certain Claims against the Debtors pursuant to § 507(a) of the Bankruptcy Code.

1.29. "Pro-Rata" shall mean:

(a) with respect to Allowed Claims, the same proportion that the Allowed Amount of a Claim of a Creditor in any Class of Claims bears to the aggregate of: (i) the Allowed Amount of all Claims of that particular Class of Claims or other Classes of Claims if applicable; plus (ii) the aggregate Face Amount of all Claims which are subject to dispute as of the Confirmation Date of that particular Class of Claims or other Classes of Claims if applicable, as reduced from time to time as and to the extent that the Disallowed Amount of such Claims is determined, and

(b) with respect to Disputed Claims, the same proportion that the Face Amount of a Disputed Claim of a creditor in any Class of Claims bears to the aggregate of:
(i) the Disputed Amount of all Claims of that particular Class of Claims or other Classes of Claims if applicable; plus (ii) the aggregate Face Amount of all Claims which are subject to dispute as of the Confirmation Date of that particular Class of claims or other Classes of Claims if applicable, as reduced from time to time as and to the extent that the Disallowed Amount of such Claims is determined.

1.30. "Secured Creditor" shall mean the holder an Outstanding Debt and an Allowed Secured Claim.

1.31. "Unsecured Claim" shall mean a Claim, which is not an Administrative Expense Claim, an Allowed Secured Claim, an Allowed Deficiency Claim, an Administrative Convenience Claim, or a Claim otherwise entitled to Priority Status, if any, and is equivalent in priority to a Deficiency Claim.

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.1. Class 1. All secured claims to the extent allowed as a secured claim under § 506 of the Code.

2.2. Class 2. All unsecured claims allowed under § 502 of the Code.

2.3. Class 3. The interests of the individual Debtors in property of the estate.

## ARTICLE III
## TREATMENT OF CLAIMS AND INTEREST UNDER THE PLAN

3.1. Unclassified Claims. Under section §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

3.2. Priority Tax Claims. Each holder of a priority tax claim will be paid consistent with § 1129(a)(9)(C) of the Code. The following is a list of the priority tax claims:

| **Type** | **Estimated Amount Owed** | **Proposed Treatment** |
|---|---|---|
| Federal Income Taxes For Tax year 2010 | **$4,403.63** | Paid in full by January 21, 2016 with interest after the Effective Date at the current IRS interest rate of 3% per annum. |

3.3. United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

3.4. <u>Administrative Expense Claims</u>. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

The following chart lists the Debtors' estimated administrative expenses and their proposed treatment under the Plan:

| **Type** | **Estimated Amount Owed** | **Proposed Treatment** |
|---|---|---|
| Professional Fees, as approved by the Court. | **$30,000 (Estimated)** | Paid in full on the effective date of the Plan, or according to separate written agreement, or according to court order if such fees have not been approved by the Court on the effective date of the Plan |
| Clerk's Office Fees | **$0.00** | N/A |
| Office of the U.S. Trustee Fees | **$0.00** | Paid as incurred |
| TOTAL | **$30,000 (Estimated)** | |

3.5. Priority Unsecured Claims: Certain priority claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a claim receive cash on the effective date of the Plan equal to the allowed amount of such claim. However, a class of holders of such claims may vote to accept different treatment. **Debtors have no Priority Unsecured Claims.**

3.6. **Class 1**: An Allowed Secured Claim is a claim secured by property of the Debtors' bankruptcy estate (or that is subject to setoff) to the extent allowed as a secured claim under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, then, except for the claim in Class 1M, the deficiency will be classified as a general unsecured claim. To the extent a claim is an Allowed Secured Claim, or is the claim in Class 1M, the holder of the claim shall retain its lien securing the claim.

When the plan provides that the debtors will satisfy a secured claim through surrender of the collateral, that means that the debtors surrender the property to creditor's rights under nonbankruptcy law, and that confirmation of the plan terminates the automatic stay as to the collateral securing the claim to permit enforcement against that collateral of all such rights.

The following chart lists all classes containing Debtors' secured prepetition claims and their proposed treatment under the Plan:

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 1A | *Nationstar Mortgage, LLC Mortgage on 4321 Garrison Blvd., Baltimore, MD 21215 (Rental Property) Proof of claim # 2* | No | Impaired | Monthly payments beginning 30 days after the Effective Date for a period of 360 months at $237.45 per month (30 year amortization of principal of $43,000.00 at 5.25% interest). In addition to the mortgage interest and principal, the Debtors will pay the property taxes and insurance or remit the property tax and insurance escrow to the lender. Motion to Value Collateral granted on 11/22/11. |
| 1B | *BAC Home Loan Svc Mortgage on 523 Denison Street, Baltimore, MD 21229 (Rental Property) Proof of claim # 6* | No | Impaired | Monthly payments beginning 30 days after the Effective Date for a period of 360 months at $165.66 per month (30 year amortization of principal of $30,000.00 at 5.25% interest). In addition to the mortgage interest and principal, the Debtors will pay the property taxes and insurance or remit the property tax and insurance escrow to the lender. Consent Order entered 10/23/12. |
| 1C | *BAC Home Loan Svc Mortgage on 3047 Arunah Ave, Baltimore, MD 21216 (Rental Property) Proof of claim # 3* | No | Impaired | Monthly payments beginning 30 days after the Effective Date for a period of 360 months at $104.92 per month (30 year amortization of principal of $19,000 at 5.25% interest). In addition to the mortgage interest and principal, the Debtors will pay the property taxes and insurance or remit the property tax and insurance escrow to the lender. Consent Order entered on 10/23/12. |
| 1D | *BAC Home Loan Svc Mortgage on 3406 Edmondson Ave., Baltimore, MD 21229 (Rental Property) Proof of claim # 9* | No | Impaired | Monthly payments beginning 30 days after the Effective Date for a period of 360 months at $110.44 per month (30 year amortization of principal of $20,000.00 at 5.25% interest). In addition to the mortgage interest and principal, the Debtors will pay the property taxes and insurance or remit the property tax and insurance escrow to the lender. Consent |

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| | | | | Order entered on 10/23/12. |
| 1E | Bank of America, N.A. Second Lien on 2205 Darnell Court, Bowie, MD 20721 (Primary Residence) Proof of claim # 7 | No | Impaired | Second mortgage forgiven by mortgage lender. Proof of claim withdrawn by Lender. |
| 1F | JPMorgan Chase Bank National Association Mortgage on 26 N Kossuth Street, Baltimore, MD 21229 (Rental Property) Proof of claim # 11 | No | Impaired | Debtors will satisfy secured claim though surrender of the collateral. |
| 1G | Long Beach Mortgage Trusts serviced by Select Portfolio Servicing Mortgage on 3857 W Forest Park Ave., Baltimore, MD 21216 Rental Property) Proof of claim # 5 | No | Impaired | Creditor will receive the full value of its secured claim in the amount of $33,000.00 in monthly installments of $216.40 for a period of 252 months with interest at the rate of 5.25% per annum.  In addition, the Debtors will pay the escrow advance in the amount of $7,242.04 within 12 months from the date of Plan Confirmation.  The balance of the Creditor's claim in the amount of $36,852.62 shall be treated as an unsecured claim in Class 2.<br>a.   Debtors will escrow taxes and insurance with the mortgage lender.<br>b.   Relief from automatic stay granted upon confirmation of the Plan.<br>c.   Remaining terms of mortgage and note apply.<br>d.   Payments to commence 10/1/13 under these modified terms. |
| 1H | City of Baltimore tax lien 4015 Edmondson Avenue, Baltimore, MD 21216 (Property Taxes) Included in proof of claim # 19 | No | Impaired | Equal monthly payments beginning 30 days after the Effective Date for a period of 24 months on the Allowed Secured Claim (principal of $2,483.43 plus postpetition interest until the Effective Date allowable under 11 U.S.C. § 506(b)) with interest to be paid on the Allowed Secured Claim after the Effective Date at 5.25% per annum. |

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 1I | *City of Baltimore tax lien on 3017 Walcott Ave., Baltimore, MD 21216 (Property Taxes) Included in proof of claim # 19* | **No** | Impaired | Equal monthly payments beginning 30 days after the Effective Date for a period of 24 months on the Allowed Secured Claim (principal of $2,858.79 plus postpetition interest until the Effective Date allowable under 11 U.S.C. § 506(b)) with interest to be paid on the Allowed Secured Claim after the Effective Date at 5.25% per annum. |
| 1J | *City of Baltimore tax lien on 3206 W. Baltimore Street, Baltimore, MD 21229 (Property Taxes) Included in proof of claim # 19* | **No** | Impaired | Equal monthly payments beginning 30 days after the Effective Date for a period of 24 months on the Allowed Secured Claim (principal of $2,472.26 plus postpetition interest until the Effective Date allowable under 11 U.S.C. § 506(b)) with interest to be paid on the Allowed Secured Claim after the Effective Date at 5.25% per annum. |
| 1K | *Club Ocean Villas Lien on Timeshare in Ocean City, Maryland (Timeshare)* | **No** | Impaired | Debtors will satisfy secured claim though surrender of the collateral. |
| 1L | *Consolidated Mortgage Lien on timeshare Tahiti Village (Timeshare)* | **No** | Impaired | Debtors will satisfy secured claim though surrender of the collateral. |
| 1M | *Rushmore Loan Management Services 1st Mortgage on 2205 Darnell Court, Bowie, MD 20721 (Primary Residence) Proof of claim # 17* | **No** | Not Impaired | Secured debt will be paid for the remaining term pursuant to the loan documents outside of the Chapter 11 Plan directly to the creditor.  Mortgage arrears in the amount of $15,828.97 will be paid in full in equal monthly payments over a period of 36 months beginning 30 days after the Effective Date.  Any portion of this claim that would be treated as unsecured under § 506 of the Code will nevertheless be treated as a secured claim. The holder of this claim will retain its lien for its entire allowed claim (including any portion that would not be an Allowed Secured Claim based on the value of the residence). |

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 1N | *Ocwen Loan Servicing LLC as servicer for Deutsche Bank Mortgage on 709 N Woodington Road, Baltimore, MD 21229 (Rental Property) Proof of claim # 8* | **No** | Impaired | Monthly payments beginning on February 1, 2015 for a period of 240 months at $550.12 per month (20 year amortization of principal of $81,639.04 ($69,500.00 principal balance plus $12,139.04 escrow advance) at 5.25% interest).  In addition to the mortgage interest and principal payments, the loan will remain escrowed with the lender and Debtors will remit the property tax and insurance escrow to the lender.  If the Debtor's case is dismissed or converted, the valuation will no longer be in place and the loan will revert back to the original terms of the note and mortgage as if this bankruptcy had never been filed.<br>  a. Unsecured portion of the loan will be treated under class 2.<br>  b. Relief from automatic stay granted upon confirmation of the Plan.<br>  c. Remaining terms of mortgage and note apply.<br>  d. Payments to commence 2/1/15 under these modified terms. |
| 1O | *U.S. Bank, NA/Ocwen Loan Servicing 1ˢᵗ Mortgage on 410 Ventura Ave., Capitol Heights, MD 20743 (Rental Property) Proof of claim # 10* | **No** | Impaired | Monthly payments beginning on February 1, 2015 for a period of 240 months at $714.27 per month (20 year amortization of principal of $106,000.00 at 5.25% interest). Taxes and Insurance will be sole responsibility of Debtors.<br>  a. Unsecured portion of the loan will be treated under class 2.<br>  b. Relief from automatic stay granted upon confirmation of the Plan.<br>  c. Remaining terms of mortgage and note apply.<br>  d. Payments to commence 2/01/15 under these modified terms. |

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 1P | *U.S. Bank, N.A. Specialized Loan Svc. Second Mortgage on 709 N Woodington Road, Baltimore, MD 21229 (Rental Property) Proof of claim # 4* | No | Impaired | Lien to be stripped off and claim treated as general unsecured due to lack of equity to support lien. Property valued at $69,500.00 with senior liens of $77,064.00. Motion to Avoid Lien granted on 02/23/12. |
| 1Q | *Western Fed Credit Union. Loan secured by funds of deposit in account.* | No | Not Impaired | Secured debt will be satisfied by surrender of the collateral securing the debt. Relief from the Automatic Stay granted. |
| 1R | *Western Fed Credit Union. Loan secured by funds of deposit in account.* | No | Not Impaired | Secured debt will be satisfied by surrender of the collateral securing the debt. Relief from the Automatic Stay granted. |
| 1S | *Supervisor of Delin. Accts. Baltimore, MD Proof of Claim # 19, treatment of Class 1S other than the claims for tax liens (Classes 1H, 1I and 1J).* | No | Impaired | Equal monthly payments for a period of 60 months beginning 30 days after the Effective Date on the Allowed Secured Claim (principal of $13,389.21 plus postpetition interest until the Effective Date allowable under 11 U.S.C. § 506(b)) with interest on the Allowed Secured Claim after the Effective Date at 5.25% per annum. If any portion of the $13,389.21 is disallowed as an Allowed Secured Claim (because not allowable as a secured claim under 11 U.S.C. § 506(a)), that portion of the claim will be treated as a general unsecured claim under Class 2. |

3.7. **Class 2**– Allowed Unsecured Claims. Class 2 Claims are Impaired and shall be paid their Allowed Unsecured Claims *Pro Rata* of the Face Amount of such Allowed Claims over five years (5) years in adjustable annual installments commencing on the Effective Date without interest.

The following chart identifies the Plan's proposed treatment of the Class containing general unsecured claims against the Debtor:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 2 | General Unsecured Claims | Impaired; claims in this class are entitled to vote on the plan. Claims will be paid *pro rata*. | Annual payments beginning on the first anniversary date of the Effective Date of the Plan as follows:<br>Year 1:  $10,000.00<br>Year 2:  $10,000.00<br>Year 3:  $10,000.00<br>Year 4:  $10,000.00<br>Year 5:  $10,000.00<br>Total Paid: $50,000.00 |

3.8. **Class 3** – Equity Interest.  This class is Impaired.  Upon confirmation of this Plan, the Debtors shall retain all of their property, including all real estate, personal property, vehicles, animals, equipment, fixtures, furniture and furnishings, inventory, accounts, contract rights and leases, except as otherwise provided herein. All such property shall be retained by the Debtors subject to the liens as described herein.  The Debtors shall be free to operate their businesses without restriction and to use, sell or otherwise dispose of their property, or obtaining financing in a manner not inconsistent with this Plan or any Order issued by the United States Bankruptcy Court. The Equity Interest Holders interests shall vest anew upon the Confirmation Date based upon the new value contributions being made consisting of contribution of the Debtors' exempt funds in an amount sufficient to make the full payment to the unsecured creditors under paragraph 3.7; however, no Insider shall receive money, property on account of his or her pre-petition Equity Interest.

3.9. Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE IV
## MEANS OF EXECUTION OF PLAN

4.1. This Plan is a reorganizing plan under § 1129(a) and (b) of the Bankruptcy Code in accordance with the priorities and terms identified in Articles III and IV of the Plan to be derived from Debtor's Revenues and contribution of Debtors' exempt funds.

4.2. Except as otherwise specifically provided in this Plan, upon the Confirmation Date, title to all remaining property of the Debtors Chapter 11 estate, including, but not limited to, the Real Properties shall vest in the Debtors in accordance with §§ 1141(a), (b) and (c) of the Bankruptcy Code, free and clear of all liens, claims or other interests in such property.

4.3. Unless otherwise ordered by the Bankruptcy Court, all Cash Distributions contemplated by the Plan shall only occur on or subsequent to the Effective Date. All Cash Distributions under the Plan shall be paid in the manner generally set forth in Article III of the Plan.

4.4.  Disbursing Agent.  L. Jeanette Rice, Esquire shall act as the disbursing agent for the purpose of making all distributions provided under the Plan.  The Disbursing Agent shall serve without bond and upon application for and approval by the Court, shall receive payment in quarterly installments at its regular hourly rates for distribution services rendered and expenses pursuant to the Plan.

## ARTICLE V
## CRAM DOWN

5.1. In order to confirm the Plan, among other things, the Debtors must establish that, in accordance with § 1129(a)(8) of the Bankruptcy Code, each Class of Claims or Interests either (i) has accepted the Plan or (ii) is not Impaired under the Plan. In the event that this requirement cannot be satisfied, however, and all other applicable requirements for confirmation under § 1129(a) of the Bankruptcy Code are met, the Debtors may, and hereby do, invoke the "cramdown" entitlement under § 1129(b) of the Bankruptcy Code, such that, as long as the Plan does not discriminate unfairly, and is fair and equitable, with respect to any Class of Claims or Interests that is impaired under, and has not accepted, the Plan, the Plan may be confirmed by the Bankruptcy Court.

## ARTICLE VI
## MODIFICATION OF THE PLAN

6.1. The Debtors may modify this Plan at any time prior to the Effective Date as permitted by § 1127(a) of the Bankruptcy Code. If so modified, after the Debtors file the modification with the Bankruptcy Court, the Plan as modified becomes the Plan.

6.2. The Debtors may modify this Plan at any time after the Effective Date and before substantial consummation of this Plan as permitted by §§ 1101(2) and 1127(b) of the Bankruptcy Code. The Plan as so modified under this subsection becomes the Plan only if the Bankruptcy Court, after notice and a hearing, confirms such Plan as modified under § 1127 of the Bankruptcy Code.

6.3. Before or after the Confirmation Date, or in the Confirmation Order, the Debtors or the Bankruptcy Court may remedy any defect or omission, or reconcile any inconsistencies in the Plan or amend the Plan, in such a manner as may be necessary to carry out the provisions, purposes and effect of the Plan.

# ARTICLE VII
# DISCHARGE

7.1.  Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code.  The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VIII
# CONTRACTS AND UNEXPIRED LEASES

8.1. Any and all executory contracts and unexpired leases within the meaning of § 365(a) of the Bankruptcy Code which have not been assumed or rejected shall be deemed to have been rejected by the Debtors upon the Confirmation Date. An exception to this shall be any leases which the Debtors is a party to respective to the Real Properties, which shall be assumed provided consent of the tenant exists.

# ARTICLE IX
# RETENTION OF JURISDICTION AND
# RESERVATION OF RIGHT TO REQUEST ORDER OF FULL ADMINISTRATION PRIOR TO PLAN COMPLETION

9.1. Upon entry of a Confirmation Order, the Plan shall be administered by the Debtors throughout its term. The Bankruptcy Court shall retain limited and continuing jurisdiction over the Debtors and its Chapter 11 proceedings through and including the date that all Claims have been satisfied in the manner required under this Plan to the extent permitted under the Bankruptcy Code, including but not limited to, 11 U.S.C. § 1143.

9.2. The Court may address any of the matters over which it has hereby retained continuing jurisdiction, which include inter alia, to determine any and all controversies and disputes arising under, or in conjunction with the Plan including, but not limited to, issuing any orders appropriate under § 105 of the Bankruptcy Code; to effectuate payments under, and performance of, the provisions of the Plan, to modify the terms of the Plan; and to determine such other matters and acts for such other purposes as may be provided for in the Confirmation Order, and such matters provided for under § 1142 of the Code.

9.3. The Bankruptcy Court will retain jurisdiction of this case for certain matters following the entry of an Order confirming the plan. Debtors reserve the right to request an Order of Full Administration Final Decree, at any time subsequent to the commencement of payments or "distributions" to creditors under the Plan. Specifically, Debtors may file a Motion to Recognize Substantial Consummation of the Plan and seek entry of an Order of Full Administration, following such "substantial consummation" of the Plan as defined under 11 U.S.C. § 1101(2), combined with a Request for Final Decree. The Final Decree will not be entered in this case until all distributions to all Allowed Claims have occurred and until all Administrative Expense Claims, including United States Trustee fees, have been paid. Debtors' Chapter 11 case will be closed should the above referenced Motion to Recognize Substantial

Consummation of the Plan be granted. Debtors will continue to perform under the Plan as though the Chapter 11 Case were open up to and including the time that Debtors have completed all distributions under the Plan.

9.4. Any party in interest may seek relief provided for in this Plan by reopening the Chapter 11 Case through the term of the Plan until all distributions have been completed. This is not intended to diminish or lessen the Court's jurisdiction preserved over this Chapter 11 Case. The purpose of the action is to avoid the payment of quarterly fees to the United States Trustee following substantial consummation of the Plan, by dismissal as contemplated by 28 U.S.C. § 1930(a)(6). By entry of the Confirmation Order the provisions of Local Bankruptcy Court Rule 3022 (2) shall be waived in respect of this Plan; however, the entry of the Confirmation Order shall give authority for only Local Rule 3022-1(a)(3) to apply to this Chapter 11 Case. As a result, Debtors may need to seek to reopen the Chapter 11 case in order to obtain a discharge based upon the requirement that all distributions under the Plan be completed before a final decree may issue. No retroactive quarterly fees to the Office of the United States Trustee will be recaptured or realized against the Debtors as a consequence of reopening the Chapter 11 Case for a discharge.

## ARTICLE X
## SCOPE OF ENGAGEMENT OF COUNSEL

10.1. Counsel for the Debtors in possession shall remain engaged, absent a request to withdraw appearance, until the entry of a final Decree, or dismissal and/or conversion of this Chapter 11 Case.

10.2. Counsel will be compensated for any post confirmation services at the same rate as provided in the Disclosure of Compensation Statement filed with this Court.  Counsel will apply for to the Bankruptcy Court for approval of any compensation.

## ARTICLE XI
## MISCELLANEOUS

11.1. Upon the Confirmation Date, the entry of the Confirmation Order shall supersede, amend and modify any prior Orders entered by this Court, or any other court, to the extent such prior Orders are inconsistent with the terms or effect of the Plan. This effect shall include, but not be limited to, any Orders of the Bankruptcy Court, or any other Court of competent jurisdiction. This excludes any prior Orders addressing adequate assurance of payment, and administrative expenses which shall survive the Confirmation Order to the extent inconsistent.

11.2. Except for any default or event of default, which occurs under the terms of the Plan, if any Creditor holding an Allowed Claim fails to receive a Cash Distribution as provided under the Plan, or if any Creditor wishes to dispute the Debtor's compliance with the Plan, such Creditor shall serve upon the Debtors written notice thereof, and the Debtors shall not be deemed to be in default of the provisions of this Plan unless the Debtors fails to cure or fails to take any other affirmative response within 20 days from its uncontested receipt of service.

11.3.   Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

11.4.   Effective Date of Plan.  The effective date of this Plan is the 30th business day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

11.5.   Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

11.6.   Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

11.7.   Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

Dated: August 19, 2015                    /s/ Colin Mapp
                                          Colin Mapp
                                          /s/ Lorraine Mapp
                                          Lorraine Mapp
                                          Debtors


                                          /s/ L. Jeanette Rice
                                          L. Jeanette Rice, Esquire No. 12933
                                          WALSH, BECKER, MOODY & RICE
                                          14300 Gallant Fox Lane, Suite 218
                                          Bowie, MD 20715
                                          Tel. (301) 262-6000
                                          riceesq@att.net
                                          Attorney for Debtors